# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-CR-235-ALM- |
| | § | CAN |
| GARY EUGENE ROBINSON | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the above-referenced criminal action, the Court having heretofore referred the request for the revocation of Defendant's supervised release to the United States Magistrate Judge for proper consideration. The Court has received the Report and Recommendation of the United States Magistrate Judge pursuant to its order, in which the Magistrate Judge recommended Defendant's term of supervised release be revoked, and that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months with a term of supervised release of five (5) years to follow (Dkt. #65). Defendant did not waive allocution before the Court, and on December 23, 2015, Defendant filed his Objection to Revocation of Term of Supervised Release and the Unconstitutional Original Imposition of Special Conditions of Supervised Release (Dkt. #67). On January 6, 2016, the United States requested an additional one (1) day to file its response to Defendant's objections (Dkt. #68). On January 7, 2016, the Court granted the United States' request, and on the same date, the United States filed its Response to Defendant's Objection to Revocation of Term of Supervised Release (Dkt. #70). On February 12, 2016, Defendant appeared before the undersigned for allocution.

# BACKGROUND

On November 2, 2012, Defendant was sentenced by the Honorable United States District Judge Marcia A. Crone of the Eastern District of Texas to twenty-one (21) months imprisonment followed by a five-year (5) year term of supervised release for the offense of Failure to Register (Dkt. #55 Sealed). On April 17, 2015, Defendant completed his period of imprisonment and began service of his term of supervised release. *Id.*

On November 10, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision. *Id.* The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall not have any unsupervised contact of any kind with children under the ages of 18 unless supervised by an adult approved by the probation officer; and (4) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *Id.*

The Petition alleged that Defendant committed the following violations: (1) On July 13, 2015, Defendant submitted a urine specimen at Heritage Park Plus, in Sherman, Texas, which was confirmed positive through laboratory testing for methamphetamine; and (2) On October 13, 2015, Defendant and his son met with Senior U.S. Probation Officer Jamie Perrenoud ("Ms. Perrenoud") and asked if Defendant could have contact with his son's children. *Id.* Defendant was instructed he could not, as no adult had been approved to be a chaperone by the U.S. Probation Office, which was a requirement of the condition. *Id.* On October 31, 2015, at 5:15 pm, an unannounced home visit was conducted at Defendant's residence, and the

probation officer observed Defendant, his daughter, son-in-law, and minor grandchildren. There was not an adult approved by the probation officer to act as a chaperone present, and thus, the Petition alleged Defendant violated condition (3) of his supervised release. *Id.*

United States Magistrate Judge Christine A. Nowak conducted a hearing on December 2, 2015, regarding the allegations made against Defendant in the Petition (Dkt. #63). At hearing, Defendant entered a plea of not true to the allegations made against him in the Petition. *Id.* The Court heard testimony from Ms. Perrenoud in support of the Government's allegations. *Id.* Ms. Perrenoud testified that Defendant tested positive for methamphetamine after drug testing was conducted at Heritage Park Plus, in Sherman, Texas. The positive test result was admitted as Government's Exhibit 1. Ms. Perrenoud further testified that on October 13, 2015, Defendant requested that he be allowed to have contact with his son's children. Defendant was instructed he could not because there was no approved adult chaperone. Despite these instructions from his probation officer, Defendant had contact with his grandchildren on October 31, 2015. Ms. Perrenoud testified that she conducted an unannounced home visit on October 31, 2015, and found the Defendant present with his daughter, son-in-law and minor grandchildren without any approved adult chaperones. Further evidence was presented by the Government that Defendant failed two polygraph examinations while on supervised release; one in relation to the underlying offense of Aggravated Sexual Assault of a Child and the other relating to drug use.

Defendant called Chris Robinson, son of Defendant ("Mr. Robinson"), and Chase Crowley, son-in-law of Defendant ("Mr. Crowley"), to testify on his behalf, and Defendant also testified. Each of Mr. Robinson and Mr. Crowley testified that Defendant never had physical contact with his grandchildren, and that they wanted the Defendant to be able to have a

relationship with his grandchildren.  Mr. Crowley admitted Defendant was present (and within 100 feet) of his minor grandchildren on October 31, 2015.

Defendant testified that he had been consuming large amounts of Powerade while working on a home project, which resulted in his drug test indicating positive for methamphetamine.  Defendant also alleged that during the drug testing, the janitor handled his urine specimen while ungloved, causing his specimen to be tainted.  Defendant further testified that on October 31, 2015, he had no physical contact with his grandchildren.  However, Defendant did admit to being present with them on such date, agreed there was not an adult approved by the probation officer to act as a chaperone present, and that Defendant failed to follow the instructions of his probation officer.  Defendant made no attempt to leave the scene once he discovered children were present, and no attempts were made by any adult at the scene to remove the children from the presence of Defendant.

On December 7, 2015, after considering the testimony of the witnesses and the evidence presented at hearing, the Magistrate Judge entered a report and recommendation containing findings of fact that: (1) probable cause existed to proceed to final hearing; (2) there was sufficient evidence, under a preponderance of the evidence standard, to conclude that Defendant violated his supervised release; (3) Defendant's supervised release should be revoked; and the Magistrate Judge recommended that Defendant be sentenced to an additional twelve (12) months of imprisonment with a term of supervised release of five (5) years to follow (Dkt. #65). On December 23, 2015, Defendant filed his objections (Dkt. #67); and on January 7, 2016, the Government filed its response (Dkt. #70).

**ANALYSIS**

Defendant objects to the report and recommendation of the Magistrate Judge. Defendant's objections relate to the imposition of two special conditions by the District Judge: (1) that Defendant "shall participate in a sex offender treatment program"; and (2) requiring adult chaperones, monitoring Defendant's access to minor children, to be approved by the probation officer (Dkt. #67).[1] Defendant argues that the special condition that he participate in a sex offender treatment program is improper because he was not convicted of a sex offense. *Id*. at 2-3. Defendant further contends that the additional requirement that adult chaperones be pre-approved by the probation officer is a violation of 18 U.S.C. § 3583(d) and Defendant's First Amendment right to freedom of association, because it is a greater deprivation of liberty than necessary, overbroad, and unworkable. *Id*. at 3. The Government contends the requirement that Defendant participate in a sex offender treatment program is proper given Defendant's prior conviction for a sex offense committed against a minor child under the age of fourteen (Dkt. #70). Moreover, the Government argues that the requirement that any adult chaperones be pre-approved by the probation officer is reasonably related to the factors enumerated in 18 U.S.C. § 3553(a), and the condition "involves no greater deprivation of liberty than is reasonably necessary." *Id*. at 5.

I.      ***Defendant Tested Positive for Methamphetamine***

As an initial matter, Defendant has not objected to any other conditions of supervised release ordered by the District Judge at the time of sentencing (*see* Dkt. #67). Nor has Defendant objected to the finding made in open court by the Magistrate Judge that on July 13, 2015,

---

[1] Defendant did not object to the imposition of this condition either before Judge Crone, or as part of his appeal to the Fifth Circuit Court of Appeals (Dkt. #67 at 2; Dkt. #70 at 4). Failure to preserve this argument requires that Defendant's argument be reviewed for plain error. *United States v. Segura*, 747 F.3d 323, 327-28 (5th Cir. 2014); *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015).

Defendant tested positive for methamphetamine (a finding which was confirmed by laboratory analysis). *Id*. Accordingly, as Defendant does not dispute by way of his objections that he was prohibited from possessing or using controlled substances, or that he tested positive for methamphetamine, the Court finds herein, that it is undisputed that Defendant violated such condition of his supervised release. Defendant's violation for possession of methamphetamine, and is a Grade B violation (Dkt. #65). Upon a finding of a Grade B violation, the Court shall revoke a term of supervision. On this basis alone, it is proper and the Court finds that Defendant's supervised release should be revoked.

Moreover, the applicable revocation imprisonment range for a Grade B violation and a criminal history category of II is six to twelve months imprisonment. U.S.S.G. §§ 7B1.3(a)(1), 7B1.4(a). According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment - the authorized term of supervised release for this offense is at least five years and not more than life. The report and recommendation of the Magistrate Judge imposing an additional sentence of twelve (12) months imprisonment with a term of supervised release of five (5) years to follow is within the applicable guideline range. Accordingly, the report and recommendation of the Magistrate Judge imposing an additional sentence of twelve (12) months imprisonment with a term of supervised release of five (5) years to follow is adopted as the opinion of this Court.

For purposes of completeness, the Court also considers Defendant's specific objections to the imposition of certain of his special conditions herein.

## II.    Sex Offender Treatment Program

Defendant challenges the special condition requiring his participation in a sex offender treatment program (Dkt. #67 at 2-3).    More specifically, Defendant contends that he was convicted of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a), which is not a sex offense.    *Id.* at 3 (citing *United States v. Segura*, 747 F.3d 323, 330 (5th Cir. 2014) (generally failure to register does not qualify as a sex offense).    Defendant further contends that he is innocent of his prior conviction for Aggravated Sexual Assault of a Child, and because he believes he was wrongfully convicted, he will never be able to successfully participate in or complete any sex offender treatment program.    *Id.*

Defendant's argument ignores that the Fifth Circuit has previously held that "[b]ecause district courts must consider the defendant's history and characteristics, they may take into account 'a defendant's prior conviction for a sex offense when imposing sex-offender-related special conditions when the underlying conviction is for a non-sexual offense.'"    *United States v. Fields*, 777 F.3d 799, 803 (5th Cir. 2015).    The Fifth Circuit has repeatedly affirmed the imposition of special conditions that require a sex offender to participate in treatment programs even when the underlying sexual offense occurred many years prior to the imposition of the special condition for a non-sexual offense.    *Id.*; *see also United States v. Cuneo*, 554 F. App'x 313, 318 (5th Cir. 2014) (affirming the special condition requirement of sex offender treatment despite the fact that the defendant's "last sexual assault conviction was twenty-three years ago").[2]    Indeed, in *Fields*, the Fifth Circuit found that the defendant was required to register as a sex offender as a result of a conviction for second degree assault of a child occurring many years

---

[2] Other courts have similarly held.    *United States v. Dupes*, 513 F.3d 338, 344 (2d Cir. 2008) ("district court had authority to require a defendant, following his conviction for bank larceny, to undergo sex offender treatment and to stay away from places where children typically congregate, based on the defendant's prior conviction for sexually abusing a child."); *United States v. Peterson*, 248 F.3d 79, 84-86 (2d Cir. 2001) (same).

before, and that such prior conviction for a sex offense was sufficiently related to the imposition of the special condition. *Id*. at 801. Here, as in *Fields*, Defendant has been convicted of Aggravated Sexual Assault of a Child, and such conviction has not been disturbed. *Id*. Thus, there is a relationship between Defendant's prior conviction for a sex offense, and the special condition that he attend a sex offender treatment program. Moreover, Defendant's continued failure to acknowledge and/or accept responsibility for his prior abuse of a minor child does not detract from, but, rather further supports the necessity of such a condition. Accordingly, Defendant's first objection is overruled.

### III.     *Pre-Approval of Adult Chaperone by Probation Officer*

Defendant next objects to the imposition of a special condition requiring that Defendant not have unsupervised contact with minor children unless supervised by an adult chaperone approved by his probation officer (Dkt. #67 at 3). The special condition to which Defendant objects specifically states: "The defendant shall not have any unsupervised contact of any kind with children under the ages of 18 unless supervised by an adult approved by the probation officer" (Dkt. #55, Sealed). Defendant contends that this special condition is both statutorily and constitutionally improper (Dkt. #67 at 3).

Defendant first argues that the imposition of the special condition is statutorily improper under 18 U.S.C. § 3553(a). *Id*. In imposing special conditions of supervised release, the sentencing judge must ensure that the condition is reasonably related to the factors enumerated in 18 U.S.C. § 3553(a), and that the condition "involves no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d). Thus, the condition must be reasonably related to one of four factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the deterrence of criminal conduct; (3) the protection of the

public from further crimes of the defendant; and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant. 18 U.S.C. §§ 3583(d), 3553(a)(1), (a)(2)(B)-(D).  The Court's chosen special condition may not impose any "greater deprivation of liberty than is reasonably necessary" to advance deterrence, protect the public, and advance the defendant's correctional needs.  *Id*.; *see also United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009).  Defendant blanketly argues the condition is statutorily improper, but then fails to identify why he believe none of the aforementioned four factors are met.  Here, the chaperone requirement is reasonably related to deterring future criminal conduct (factor 2), *United States v. Lopez-Moreno*, 532 F. App'x 567, 570 (5th Cir. 2013), the protection of the public from further crimes committed by Defendant (factor 3), *United States v. Rodriguez*, 558 F.3d 408, 417 (5th Cir. 2009), and is specifically tailored to fit the history and characteristics of this particular Defendant (factor 1, including Defendant's prior conviction for Aggravated Sexual Assault of a Child and Failure to Register as a convicted sex offender), *United States v. Deleon*, 280 F. App'x 348, 351 (5th Cir. 2008) (a district court may take into account defendant's prior conviction for a sex offense).  The condition is intended to and does limit Defendant's unfettered access to children, which, given Defendant's prior conviction for Aggravated Sexual Assault of a Child and failure to register as a convicted sex offender, protects the public from further criminal conduct by Defendant (specifically as it relates to the protection of children), and provides necessary deterrence to Defendant who thus far has demonstrated an unwillingness to comply with the sex offender registration statutes.  *See Fields*, 777 F.3d at 804 (noting the defendant's "unwillingness" to comply with sex offender registration statutes puts the public at risk and may necessitate a "harsher response").  Moreover, courts have consistently recognized the importance of protecting children from recidivist acts by

sex offenders like Defendant. *Rodriguez*, 558 F.3d at 417 (5th Cir. 2009) ("Congress has made it clear that children are members of the public it seeks to protect by permitting a district court to impose appropriate conditions on terms of supervised release."). Thus, it is undisputed that the special condition limiting Defendant to no unsupervised contact with children unless supervised by an adult chaperone that has been approved by Defendant's probation officer is reasonably related to at least one (if not three) of the factors enumerated in 18 U.S.C. § 3553(a).

Notwithstanding the reasonable relation, Defendant also argues that the imposition of the special condition is improper because (1) it impairs his constitutional right of freedom of association, and (2) it imposes a greater deprivation of liberty than necessary (Dkt. #67 at 4). More specifically, Defendant contends that he is impaired in his ability to freely associate with children (in particular his grandchildren) because he is required to have an adult chaperone that is pre-approved by the probation officer present. *Id.* Moreover, Defendant asserts that the imposition of the special condition is a greater deprivation than necessary because it requires that the adult chaperone be "approved by the probation officer." *Id.* Finally, Defendant contends that the definition of "contact" argued by the Government is overly restrictive because it prohibits Defendant from visiting any public venue for fear he will violate the special condition (*i.e.,* at grocery stores, movie theaters, and/or public sidewalks where children may be present accompanied by parents who are not pre-approved chaperones and may be within 100 feet of Defendant). *Id.*

Taking Defendant's arguments in turn, the Court first addresses whether this condition improperly restricts Defendant's right to freely associate. "A condition of probation is not necessarily invalidated merely because it impairs a probationer's enjoyment of constitutional rights." *United States v. Stafford*, 983 F.2d 25, 28 (5th Cir. 1993); *United States v. Tonry*, 605

F.2d 144 (5th Cir. 1979). District courts are free to craft special conditions with the caveat that such "special conditions must be tailored to the individual defendant." *United States v. Caravayo*, No. 14-50773, 2015 WL 9245250, at *5 (5th Cir. Dec. 17, 2015). Furthermore, the Fifth Circuit has previously considered such an argument and rejected it, stating "[a]ny liberty interest [the defendant] has in freely associating with minors… is outweighed by the need to protect them." *Rodriguez*, 558 F.3d at 418; *see also United States v. Levering*, 441 F.3d 566, 568-69 (8th Cir. 2006) (upholding special condition of supervised release prohibiting all contact with female children under age 18, unless approved by the probation officer); *United States v. Smith*, 436 F.3d 307 (1st Cir. 2006) (upholding supervised release condition requiring defendant to stay away from his minor daughter unless and until the probate court ordered otherwise). Here, Defendant is not precluded from ***any*** contact with children, just unsupervised contact, nor are his movements or place of residence restricted. Rather, this special condition is narrowly tailored to allow Defendant access to children (specifically his grandchildren), while ensuring that the children are likewise protected. *See Fields*, 777 F.3d at 806 ("We have recognized before, and reaffirm now, that a modifiable condition such as this one works a less significant deprivation of liberty than one that cannot be altered."); *United States v. Paul*, 274 F.3d 155, 167 (5th Cir. 2001). Indeed, the special condition at issue here is not the type of blanket restriction for which the Fifth Circuit has expressed concern. *See, e.g., United States v. Caravayo*, No. 14-50773, 2015 WL 9245250, at *4 (5th Cir. Dec. 17, 2015) (rejecting a supervised release condition prohibiting defendant from dating anyone with children as there was no factual finding supporting the condition); *United States v. Fernandez*, 776 F.3d 344 (5th Cir. 2015) (vacating special condition imposing a requirement that the defendant install monitoring software on his computer for the remainder of his life, where there was no record that the defendant's failure to

register conviction merited such a condition). Thus, the Court finds that this special condition is not an improper restriction on Defendant's freedom of association.

The Court next considers whether the special condition causes a greater deprivation of liberty than necessary because (1) the condition requires an adult chaperone that is approved by the probation officer, and (2) the definition of "contact" is so broad that it prohibits Defendant from going to public places for fear of violating such condition. Defendant's primary objection to such condition appears to be that he would like unconstrained and unsupervised access to his grandchildren (Dkt. #67); however, given Defendant's criminal history and refusal to abide by the sex offender registration requirement, the Court finds the imposition of this special condition necessary to protect children from the possibility of future crimes committed by Defendant. Here, Defendant and his family members (namely his children and their spouses) are unwilling to participate in the U.S. Probation office's chaperone program, and thus cannot be approved to be chaperones. In addition, Defendant failed to follow the direction of his probation officer, who specifically instructed Defendant to refrain from contact with his grandchildren until an adult chaperone was approved. Thus, Defendant's argument that this restriction is more restrictive than necessary is meritless, since Defendant and members of his family refuse to participate in the relevant program, and have not sought approval of any appropriate adult chaperone. Again, this special condition is narrowly tailored to allow Defendant access to children (including his grandchildren), while ensuring that the children are likewise protected. *See Fields*, 777 F.3d at 806 ("We have recognized before, and reaffirm now, that a modifiable condition such as this one works a less significant deprivation of liberty than one that cannot be altered."); *Paul*, 274 F.3d at 167.

Furthermore, Defendant contends that the special condition is unreasonable and unworkable because the wording of the condition is such that he risks violating his conditions of supervised release merely by going to grocery stores or other public places. The special condition states: "The defendant shall not have any unsupervised contact of any kind with children under the ages of 18 unless supervised by an adult approved by the probation officer" (Dkt. #55, Sealed). Defendant asserts that this condition unreasonably restricts his ability to go to a grocery store or other location in which he might have chance encounters with unsupervised children, particularly if the probation officer determines that parents are not adequate chaperones for their children (Dkt. #67). As an initial matter, the Court notes that the probation officer has not determined that all parents are unsuitable chaperones for their children, but instead, found that Defendant's children specifically cannot be approved as chaperones for Defendant's grandchildren because they refuse to acknowledge that Defendant is a convicted sex offender. Thus, Defendant's children cannot adequately protect their children (Defendant's grandchildren) in this particular situation. However, the probation officer has not deemed all parents unsuitable chaperones for their children. The Fifth Circuit has upheld similar restrictions to the one at issue here in cases involving sexual offenses against minors. *See United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013) (affirming a restriction on contact with minors without prior written permission of the probation officer); *United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013) (affirming a lifetime ban on non-incidental contact with minors); *United States v. Jackson*, 594 F. App'x 232, 238 (5th Cir. 2014).

More importantly, the Fifth Circuit has previously addressed the argument advanced by Defendant regarding chance or incidental contact and found that a restriction on "indirect contact with minors" (such as the one here that excludes "any unsupervised contact of any kind with

children under the ages of 18…") specifically excludes "chance or incidental encounters" with minors, such as those that might result from a trip to the grocery store or retail establishment. *United States v. Paul*, 274 F.3d 155, 166 (5th Cir. 2001) (citing *United States v. Loy*, 237 F.3d 251, 268-69 (3d Cir. 2001)); *see also Arciniega v. Freeman*, 404 U.S. 4, 4 (1971) (interpreting an associational condition to exclude certain casual encounters); *Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir. 1972) (same). In *Paul*, the Fifth Circuit considered a special condition prohibiting Defendant from "direct and indirect contact with minors," and found that "[a]t this point, it is well established that associational conditions do not extend to casual or chance meetings." *Paul*, 274 F.3d at 166 (citing *Loy*, 237 F.3d 251, 268-69 (3d Cir. 2001)). Adopting the reasoning of the Third Circuit in *Loy*, the Fifth Circuit found that "[t]o the extent that the prohibition on 'indirect' contact in the instant case might be interpreted to encompass such casual encounters, this court is well within its authority to interpret the restriction to exclude such casual or incidental encounters." 274 F.3d at 166; *but se*e *United States v. Windless*, 719 F.3d 415, 421-22 (5th Cir. 2013) (finding a restriction on "direct or indirect contact" with minors swept so broadly that it would effectively prohibit the defendant from going to the grocery store unaccompanied); *United States v. Byrd*, 551 F. App'x 726, 727 (5th Cir. 2013).[3] The Fifth Circuit in *Paul* held that, so construed to exclude casual or indirect encounters, the inclusion of the word "indirect" in the restrictions did not render the restriction unduly broad. *Id.* Indeed, "accidental or unavoidable contact with minors in public places is not forbidden by the condition; however, should

---

[3] *Windless* is a Fifth Circuit decision that is in obvious tension with *Paul*. As previously discussed, in *Paul*, the Fifth Circuit concluded that when given a special condition prohibiting "indirect" contact with minors, such condition excluded casual or incidental encounters. 274 F.3d at 166. In *Windless*, the Fifth Circuit found that an identical special condition was so broad that it would prohibit a defendant from going to the grocery store unaccompanied. However, the Fifth Circuit's decision in *Paul*, not *Windless*, governs the outcome of this case. *See United States v. Duke,* 788 F.3d 392, 402-03 n.3 (5th Cir. 2015). Where two panel decisions conflict, the prior decision constitutes binding precedent, and accordingly, is the precedent that this Court is bound to follow. *United States v. Tex. Tech Univ.*, 171 F.3d 279, 285 n.9 (5th Cir. 1999) ("Where two panel decisions conflict, the prior decision constitutes the binding precedent."). Thus, the Court applies the reasoning of the Fifth Circuit set forth in *Paul. See also Jackson*, 594 F. App'x at 238 (applying *Paul*, not *Windles*s); *Duke*, 788 F.3d at 402-03 n.3 (same).

[defendant] deliberately seek out such contacts, they would cease to be 'casual' or 'unavoidable' and would fall within the condition's scope." *Loy,* 237 F.3d at 269. Thus, the Court likewise construes the language in the special condition regarding Defendant to exclude accidental and incidental contact with minors, such as those that could occur in grocery stores and/or retail establishments. In fact, the special condition prohibiting Defendant from unsupervised contact with children is intended to address the specific situation we are confronted with at present. Defendant seeks unfettered and unrestricted access to his grandchildren, and the Court will not permit such access absent an appropriate, pre-approved adult chaperone that can adequately protect the interests of the children. This special condition is not overly broad or unworkable. Accordingly, and in accordance with a long line of similar cases including Fifth Circuit case law, the Court finds that the special condition that Defendant refrain from contact with children unless supervised by an adult who is approved by the probation officer, does not impose an unfair deprivation of Defendant's liberty interests and is narrowly tailored to balance the personal interests of Defendant, as well as the public's interest in protecting children. Accordingly, Defendant's second objection is overruled.

## CONCLUSION

Having received the report and recommendation of the Magistrate Judge, and having considered Defendant's timely filed objections, it is therefore, **ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Dkt. #65) is **ADOPTED** as the opinion of the Court.

It is further **ORDERED** that Defendant's supervised release is hereby **REVOKED**.

It is further **ORDERED** that Defendant be committed to the custody of the Bureau of Prisons for a term of imprisonment of twelve (12) months, with a term of supervised release of five (5) years to follow.

**IT IS SO ORDERED.**

**SIGNED this 12th day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE